# Exhibit 1

Isaac P. Hernandez (SBN 025537)
Hernandez Law Firm, PLC
10640 N. 28th Dr., Ste. B202
Phoenix, Arizona 85029
Tel:    602.753.2933
Fax:    855.592.5876
Email: isaac@hdezlawfirm.com

*Attorney for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Argento, et. al., | Case No. 2:13-cv-00351-HRH |
| Plaintiffs, | |
| vs. | **DECLARATION OF ISAAC P. HERNANDEZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL CLARK COUNTY TO PRODUCE DOCUMENTS** |
| Sylvania Lighting Services Corp., | |
| Defendant. | |

1.    I, Isaac P. Hernandez, am an attorney licenses to practice in Arizona and California.  I am the attorney of record for Plaintiffs.  The facts contained herein are of my own personal knowledge and if called upon as a witness to testify, I could and would competently testify thereto.

2.    On or about July 16, 2014, I contacted the Clark County School District Police Department to inquire about records and logs for calls made to the Police Department by Sylvania employees during the relevant time period (roughly September to December 2011.

Hernandez Law Firm, PLC
10640 N. 28th Dr., Ste. B202
Phoenix, AZ 85029
(602) 753.7933

3.     I was advised by the Records Clerk to submit the request in writing, which I did.   A copy of the letter to the CCSD Police Department is attached hereto as Exhibit A.

4.     On Friday, July 18, 2014, I received an email from CCSD counsel Alan Lefebvre, indicating that he represented the School District and would be producing documents responsive to Plaintiffs' Subpoena pursuant to FRCP 45.

5.     That same day, I contacted Mr. Lefevre to discuss the scope of documents that CCSD would be producing.   I mentioned to Mr. Lefevre that I had contacted the Police Department regarding logs or records documenting phone calls Sylvania employees would make to the Police Department as they were leaving school sites, and summarized the discussion I had with the Records Clerk on July 16, 2014.

6.     Mr. Lefevre mentioned that CCSD would be producing documents that had been gathered as part of the complaints before the Nevada Labor Commissioner, including but not limited to a declaration from the CCSD employee for gathering all the documents.

7.     On July 22, 2014, I emailed Mr. Lefevre a copy of my letter to the Police Department dated July 16, 2014, again summarizing my conversation with the Records Clerk, including possible options for conducting a search for calls made to Police Department by Sylvania employees during the relevant time period.   One option included running a name search for one of the three Sylvania employees that would have been responsible for calling the Police Department.   Another required Plaintiffs to provide the Police Department with a list of school names and dates that Sylvania employees would have worked at a particular school.   A copy of the July 22 Email is attached hereto as Exhibit B.

8.     On or about August 8, 2014, Plaintiffs' received a CD with documents produced by the School District.

Hernandez Law Firm, PLC
11640 N. 28th Dr., Ste. B202
Phoenix, AZ 85029
(602) 755-2933

9.     On October 21, 2014, I sent an email to Mr. Lefebvre to inquire about the declaration from the CCSD employee that collected the materials that CCSD had produced in August 2014 as well as call logs from the CCSD Police Department.  On October 28, 2014, Mr. Lefebvre responded, noting that noted the declaration "would have been a part of the material collected by Paul."   Mr. Lefebvre requested that I provide him with an index of the materials that CCSD had already provided so he could "cross-check."  A copy of the October 2014 email exchange is attached hereto as Exhibit C.

10.     On December 15, 2014, I emailed Mr. Lefebvre with the index of materials CCSD had produced pursuant to his request.  I also noted need for further discussion to determine whether CCSD had fully complied with the terms of the Court's Order, particularly the issue of whether there were records from the CCSD Police Department with information documenting when calls were received from Sylvania employees to notify the Police Department that they were exiting the schools.  A copy of the December 15, 2014, email (with attachments) is attached hereto as Exhibit D.

11.     I did not receive any response to my December 2014 email from CCSD.

12.     On January 13, 2015, I emailed Mr. Lefebvre again noting that I had not received a response to my email December 15, 2014.  I explained that alarm code records were relevant and within scope of the Subpoena because (1) Sylvania employees would receive alarm codes from school principals at each of the schools were they worked, (2) between late August and December 2011, Sylvania employees would use the alarm codes as they were leaving the schools, typically between (9 p.m. and 2 a.m.), and (3) Sylvania employees were the only people working on the school during those times.  I further explained that because Sylvania employees were the only people working at the schools during those late hours (9 p.m. to 2 a.m.) that any phone calls to the CCSD Police Department on days when Sylvania employees

were working at those schools would also be relevant and within the scope of the Subpoena. I also attached a Chart my office prepared indicating all the schools where Sylvania employees performed work and the dates that they worked at each school. A copy of the January 13, 2015 email is attached hereto as Exhibit E. A copy of the Chart is attached hereto as Exhibit F.

13.     I did not receive any response to my January 2015 email from CCSD.

14.     On Friday, February 6, 2015, I left a voicemail for Mr. Lefebvre and sent him an email noting that I had not received any response to may emails from December 15, 2014 or January 13, 2015, and that I would be filing a motion to compel the following week. A copy of the February 6, 2015 email is attached hereto as Exhibit G.

15.     On Monday, February 9, 2015, I received a phone call from CCSD counsel William Schuller regarding outstanding issues related to the Subpoena. Mr. Schuller is an associate at Mr. Lefebre's firm of Kolesar & Leatham.

16.     I notified Mr. Schuller of our pending motion deadline of February 19, 2015. After further discussion with Mr. Schuller regarding outstanding issues related to Plaintiffs' Subpoena, I sent Mssrs. Schuller and Lefebvre a summary outlining the following issues: (1) the declaration from the CCSD employee that gathered the documents CCSD had already produced; (2) security logs for the Sunset Yard (the location were Sylvania's equipment and materials were being stored); (3) logs generated from the use of alarm codes; and (4) CCSD Police Department Dispatch Records. A copy of my February 9, 2015 email is attached hereto as Exhibit H.

17.     On February 18, 2015, Mr. Schuller indicated that CCSD would require at least another week to inquire regarding outstanding discovery issues. We agreed that Plaintiffs would have until March 9, 2015 to file the motion to compel.

18.     On February 27, 2015, in call with Mr. Schuller, he indicated that the CCSD employee (Paul Gerner) that had gathered the documents CCSD had produced had been discharged, and therefore CCSD was not able to obtain a declaration that

Hernandez Law Firm, PLC
10640 N. 28th Dr., Ste. B202
Phoenix, AZ 85029
(602) 753.2933

Hernandez Law Firm, PLC
10640 N. 28th Dr., Ste. B202
Phoenix, AZ 85029
602.753.2933

had been previously mentioned in my communications with Mr. Lefebvre.  Mr. Schuller stated that there were no security logs for the Sunset Yard.  Regarding alarm codes, he said that (1) the CCSD had not been able to locate any alarm codes that would have been assigned to Sylvania employees because the CCSD night maintenance supervisor that would have been responsible for providing the alarm codes had passed away, (2) that it was more probable that Sylvania employees were provided a "universal" alarm codes, and (3) that he or CCSD had contacted CleaResult to inquire about the alarm codes provided to Sylvania employees.  I confirmed with Mr. Schuller that he had not yet completed his investigation regarding the alarm codes issued to Sylvania employees.  He agreed.  Mr. Schuller further indicated that he would be following up with the CCSD Police Department regarding dispatch records and call logs.  Mr. Schuller later sent an email summarizing, in part, our conversation from earlier in the day.  A copy of Mr. Schuller's email from February 27, 2015, is attached hereto as Exhibit I.

19.    In a phone call with Mr. Schuller on March 9, 2015, he confirmed that CCSD was still unable to confirm which alarm codes had been assigned Sylvania employees, and that he was still waiting for a response from his contact with the CCSD Police Department regarding dispatch records/call logs.

20.    I notified Mr. Schuller that, although he was still waiting to receive information related to Plaintffs' Subpoena, that I had no choice but to move forward with filing the motion to compel.

21.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of February 2015.

By: _____
Isaac P. Hernandez
Attorney for Plaintiffs

# Exhibit A

# HERNANDEZ LAW FIRM
## LABOR AND EMPLOYMENT – LITIGATION

Isaac P. Hernandez, Esq.
isaac@hdezlawfirm.com
Licensed in AZ and CA

# FAX COVER SHEET

Date:    July 16, 2014

Sgt. Wilson-Palacio                          Total Pages (including coversheet): 2
Clark County School District Police
Department
120 Corporate Park Dr.
Henderson, NV  89074
**Fax:  702-799-7835**

Re:      Request for Documents
*Ronald Argento, et al. v. Sylvania Lighting Services Corporation*
Case No. 2:13-cv-0351-HRH

---

Comments:

***Privileged and Confidential***

This transmission is intended by the sender and proper recipient to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient, please immediately notify the sender at either the e-mail address or telephone number above. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

# HERNANDEZ LAW FIRM
### LABOR AND EMPLOYMENT – LITIGATION

Isaac P. Hernandez, Esq.
isaac@hdezlawfirm.com
Licensed in AZ and CA

July 16, 2014

**VIA FACSIMILE**

Sgt. Wilson-Palacio
Clark County School District Police Department
120 Corporate Park Dr.
Henderson, NV 89074
**Fax:  702-799-7835**

      Re:     Request for Documents
               *Ronald Argento, et al. v. Sylvania Lighting Services Corporation*
               Case No. 2:13-cv-0351-HRH

Dear Sgt. Wilson Palacio:

      Earlier today I spoke to Wendy (last name unknown) from the Records Department, who advised me to submit in writing the nature of my inquiry for documents and information.  By way of background, I represent a number of current and former employees of Sylvania Lighting Services Corporation ("Sylvania") in the above-referenced case regarding claims of unpaid wages and overtime asserted against Sylvania.  The wage claims asserted against Sylvania involve to some extent a period of time during which employees worked on schools within the Clark County School District from July 2011 to January 2012.  (The work at issue involved the removal and replacement of light fixtures in schools throughout the District).  Several witnesses in the case have stated that they (1) were responsible for arming the school alarm system prior to leaving the schools were they worked and (2) that they regularly called the CCSD Police Department to notify the Department that they had completed work for the day and were exiting the facility where they worked.  Accordingly, because we are interested in evidence/information relevant to the hours employees worked, we are interested in any documents, records, or logs from July 2011 to January 2012 that contain information regarding (1) the time that the school alarm systems were armed, and/or (2) the time that Sylvania employees would call the CCSD Police Department to provide the aforementioned notification.

      If you need any further information or have questions regarding this request for documents, please contact me at your earliest convenience.  Thank you in advance for your anticipated cooperation in this matter.

            Respectfully,

            Isaac P.  Hernandez

# Exhibit B

**Subject: Re: Ronald Argento, et al v. Sylvania Lighting Services**
**From:** "Isaac P. Hernandez" <isaac@hdezlawfirm.com>
**Date:** July 22, 2014 at 12:22:56 PM MST
**To:** "Alan J. Lefebvre" <alefebvre@klnevada.com>

Alan:

Thank you for taking the time to speak with me.  As mentioned in our call, I contacted the CCSD Police Department last week to inquire about logs or records documenting phone calls Sylvania employees would make to the PD as they were leaving the school sites.  My contact person from the PD was Wendy from the Records Department.  When Wendy and I spoke last Friday, she was planning to discuss our request with Sgt. Wilson-Palacios to determine if there was a way to run search through the Dispatch Database to identify calls from Sylvania employees during the relevant time period.  One option we discussed was to run a name search for one of three supervisors that would have been responsible for calling the PD.  Another option would require me to provide the PD with school names and dates that Sylvania employees worked at the particular school.  I have not heard from Wendy since our discussion on Friday.

Attached is a letter I sent to the PD last week pursuant to Wendy's request.

Best regards.

<Sylvania-140716-Ltr to CCSD PD Re Records.pdf>

Isaac Pasaret Hernandez, Esq.
**Hernandez Law Firm, PLC**
**NEW ADDRESS**
10640 N. 28th Drive, Ste. B202
Phoenix, AZ 85029
Tel:  602.753.2933
Fax:  855.592.5876 (toll free)
**www.hdezlawfirm.com**
**isaac@hdezlawfirm.com**

Licensed in Arizona and California

This transmission is intended by the sender and proper recipient to be confidential, intended only for the proper  recipient and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

On Jul 18, 2014, at 3:01 PM, Alan J. Lefebvre <alefebvre@klnevada.com> wrote:
Dear Mr. Hernandez,

I am outside counsel for the Clark County School District.

I have legion documents on the Sylvania lighting project and will make them available for copying.

Do you have a preferred coping service to take custody of them?

ajl

**Alan J. Lefebvre, Esq.** Shareholder <kolesarleathamlogo_rgb8a6e37.jpeg>

P: 702.362.7800 F: 702.362.9472

Web: www.klnevada.com

Bio: Attorney Bio  400 S. Rampart Blvd. | Suite 400 | Las Vegas | NV 89145

This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

**From:** Evangelina Martinez [mailto:emartinez1@interact.ccsd.net]
**Sent:** Friday, July 18, 2014 1:11 PM
**To:** Alan J. Lefebvre; Luci A. Davis
**Cc:** Donna Mendoza Mitchell; Marie K. Burns
**Subject:** Ronald Argento, et al v. Sylvania Lighting Services


Good Afternoon,

FYI,

The attached Subpoena was served upon and accepted by our office today.  Any questions, please call our office.

Thank you,

Evangelina Martinez
Legal Department
5100 West Sahara Avenue
Las Vegas, NV  89146
Phone (702) 799-5373
Fax (702) 799-5505


**----- Original Message -----**

This E-mail includes attached file(s) sent from "Legal Office" (7502).

Scan Date: 07.18.2014 13:01:49 (-0500)
Queries to: Scanner@Legal.ccsd.net

<SDOC1138.pdf>

# Exhibit C

when calls were received from Sylvania employees to notify the PD that they were exiting the schools?

Please let me know your earliest availability for a 10-15 minute call to discuss.

Thank you and I look forward to hearing from you.


Isaac Pasaret Hernandez, Esq.
**Hernandez Law Firm, PLC**
**NEW ADDRESS**
10640 N. 28th Drive, Ste. B202
Phoenix, AZ 85029
Tel: 602.753.2933
Fax: 855.592.5876 (toll free)
**www.hdezlawfirm.com**
**isaac@hdezlawfirm.com**

Licensed in Arizona and California

This transmission is intended by the sender and proper recipient to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

On Oct 28, 2014, at 3:00 PM, Alan J. Lefebvre <alefebvre@klnevada.com> wrote:

Mr. Hernandez,

As to:

"I may be mistaken in that regard but it would be much appreciated if you could please confirm if the declaration being referred to exists, and if so, whether CCSD would produced it."

The declaration would have been part of the material collected by Paul. Pls supply me an index of what you have from the disc so I may cross-check.

As I read the order, I would assume CCSD has answered the subpoena and production is at an end.
ajl

**Alan J. Lefebvre, Esq.** Shareholder <kolesarleathamlogo_rgbeac051.jpeg>

Office: 702.362.7800 Cell: 702.672.0572

Web: www.klnevada.com

Bio: Attorney Bio  400 S. Rampart Blvd. | Suite 400 | Las Vegas | NV 89145

This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.

**From:** Isaac P. Hernandez [mailto:isaacphdez@gmail.com]
**Sent:** Tuesday, October 21, 2014 12:10 PM
**To:** Alan J. Lefebvre
**Subject:** Re: docs.

Hello, Alan.

I wanted to follow up on our discussions/emails re: docs from CCSD and the documents that were produced in response to the subpoena.

I believe you had mentioned during our call in July that one of the CCSD Employees named Ed Doples (phonetic), the same employee that was primarily responsible for compiling the documents that CCSD produced, had also prepared a declaration that referenced the work that he (Mr. Dobles) did to compile

documents and information relating to the hours Sylvania employees worked, including information from his review of security logs from the CCSD Yard were materials were being stored during the CCSD Project.  To the best of my recollection, there was no declaration from any CCSD employee included in the materials that were produced.  I may be mistaken in that regard but it would be much appreciated if you could please confirm if the declaration being referred to exists, and if so, whether CCSD would produced it.

I would also like to revisit the Police Dispatch records and whether there is any record of Sylvania employees calling the Police Department at the end of the work shift.  Below is the last email I sent regarding this issue.  Also attached is the Court's order regarding the Subpoena, which touches to some extent on the scope of CCSD's obligation to produce relevant documents.

Please let me know your earliest opportunity to discuss.

Best.


<Sylvania-Doc. 110-Order Opposing Mtn to Quash.pdf>

Isaac Pasaret Hernandez, Esq.
Hernandez Law Firm, PLC
NEW ADDRESS
10640 N. 28th Drive, Ste. B202
Phoenix, AZ 85029
Tel: 602.753.2933
Fax:  855.592.5876 (toll free)
www.hdezlawfirm.com
isaac@hdezlawfirm.com

Licensed in Arizona and California

This transmission is intended by the sender and proper recipient to be confidential, intended only for the proper  recipient and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient, please notify the sender at either

# Exhibit D

**Subject: Fwd: Sylvania case in Ariz.**
**From:** "Isaac P. Hernandez" <isaacphdez@gmail.com>
**Date:** February 9, 2015 at 11:42:22 AM MST
**Cc:** "Alan J. Lefebvre" <alefebvre@klnevada.com>
**To:** "William D. Schuller" <wschuller@klnevada.com>


Isaac Pasaret Hernandez, Esq.
**Hernandez Law Firm, PLC**
10640 N. 28th Drive, Ste. B202
Phoenix, AZ 85029
Tel: 602.753.2933
Fax: 855.592.5876 (toll free)
**www.hdezlawfirm.com**
**isaac@hdezlawfirm.com**

Licensed in Arizona and California

This transmission is intended by the sender and proper recipient to be confidential, intended only for the proper  recipient and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

Begin forwarded message:
**Subject: Re: Sylvania case in Ariz.**
**From:** "Isaac P. Hernandez" <isaacphdez@gmail.com>
**Date:** December 15, 2014 at 12:09:11 PM MST
**To:** "Alan J. Lefebvre" <alefebvre@klnevada.com>

Mr. Lefebvre:

Attached hereto is an index of the materials that we received from CCSD.  There was no declaration in the materials produced by CCSD.

Regarding whether CCSD has satisfied its obligations regarding the subpoena, it remains unclear whether there are security logs or records that meet the requirements articulated in the Court's order.

For example, are there security logs maintained/prepared by maintenance employees or security guards for the schools or the Sunset Yard (location where Sylvania equipment and materials were being stored), that provide information regarding the (1) identity of non-CCSD personnel, and (2) dates and times the schools or the Sunset Yard were being accessed by the non-CCSD personnel?        Do CCSD Police Dept Records have information documenting

when calls were received from Sylvania employees to notify the PD that they were exiting the schools?

Please let me know your earliest availability for a 10-15 minute call to discuss.

Thank you and I look forward to hearing from you.

Isaac Pasaret Hernandez, Esq.
**Hernandez Law Firm, PLC**
**NEW ADDRESS**
10640 N. 28th Drive, Ste. B202
Phoenix, AZ 85029
Tel: 602.753.2933
Fax: 855.592.5876 (toll free)
**www.hdezlawfirm.com**
**isaac@hdezlawfirm.com**

Licensed in Arizona and California

This transmission is intended by the sender and proper recipient to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

On Oct 28, 2014, at 3:00 PM, Alan J. Lefebvre <alefebvre@klnevada.com> wrote:

Mr. Hernandez,

As to:

"I may be mistaken in that regard but it would be much appreciated if you could please confirm if the declaration being referred to exists, and if so, whether CCSD would  produced  it."

The declaration would have been part of the material collected by Paul. Pls supply me an index of what you have from the disc so I may cross-check.

# Exhibit E

On Jan 13, 2015, at 10:47 AM, Isaac P. Hernandez <isaacphdez@gmail.com> wrote:

Mr. Lefebvre:

To the best of my knowledge, I have not received a response to my email below from December 15, 2014.

In addition to the questions in my email below, please note that Sylvania employees that worked on the CCSD School Lighting Project have indicated that they were provided alarm codes by school principals for each of the schools were they worked.  From late August 2011 until December 2011, Sylvania employees were leaving the schools roughly between 9 pm and 2 am.  According to Sylvania employees, there were no other school employees on sight during those times.  As such, it is our belief that any logs generated from the use of the alarm codes during those time frames (September to December 2011, between 9 pm and 2 am), on days when Sylvania employees performed work at a particular school, would be relevant to this case and within the scope of the Subpoena.

Moreover, because only Sylvania employees were at the schools during those hours (9 pm to 2 am), any calls to the CCSD Police Department during those hours on days when Sylvania employees were performing work at a particular school would also be relevant to this case and within the scope of the Subpoena.

Attached hereto is a list we prepared that identifies the schools where Sylvania employees were performing work between September 1, 2011 and December 31, 2011, and the date they worked at each school.  Also attached for your convenience is an index of all the documents we received from CCSD, which you previously requested in response to our inquiry regarding the declaration from the CCSD employee that gathered documents.

At your earliest convenience, please confirm receipt of this email and let me know your earliest availability to discuss.

Thank you.


<Sylvania-150113-Index Employees Schools Timeline.pdf>

<Sylvania-Index of Documents Produced by CCSD School Disc 1-CCSD.pdf>

# Exhibit F

Ronald Argento, et. al., v. Sylvania Lighting Services Corp.
Case No. 2:13-cv-00351-HRH
Index Employees Schools Timeline

| Date | School |
|------|--------|
| 09.01.2011 | Tomiyasu (ES), Silverado (HS), Ward (ES), Harmon (ES) |
| 09.02.2011 | Silverado (HS) |
| 09.06.2011 | Silverado (HS) |
| 09.07.2011 | Hollingsworth (ES), Paradise (ES) |
| 09.08.2011 | Mack (ES), McDoniel (ES) |
| 09.09.2011 | Beatty (ES), Petersen (ES) |
| 09.12.2011 | Gibson (ES), Roberts (ES) |
| 09.13.2011 | Bruner (ES), Wilhelm (ES) |
| 09.14.2011 | Wolfe (ES), Guy (ES) |
| 09.15.2011 | Simmons (ES), Cozine (ES) |
| 09.16.2011 | Watson (ES), Antonello (ES) |
| 09.19.2011 | Neal (ES), Carl (ES) |
| 09.20.2011 | Rhodes (ES), Heckethorn (ES) |
| 09.21.2011 | Lowman (ES), Bilbray (ES) |
| 09.22.2011 | Allen (ES), Scherkenbach (ES) |
| 09.23.2011 | West Prep (HS), Hoggard (ES) |
| 09.26.2011 | West Prep (HS), Cortney (MS) |
| 09.27.2011 | West Prep (HS), Cortney (MS) |
| 09.28.2011 | Orr (MS) |
| 09.29.2011 | Harney (MS), Scherkenbach (ES) |
| 09.30.2011 | Sedway (MS) |

**ES** – Elementary School
**MS –** Middle School
**JHS –** Junior High School
**HS** – High School

1

Ronald Argento, et. al., v. Sylvania Lighting Services Corp.
Case No. 2:13-cv-00351-HRH
Index Employees Schools Timeline

| | |
|---|---|
| 10.03.2011 | Bridger (MS),<br>Sedway (MS) |
| 10.04.2011 | Bridger (MS),<br>Swainston (MS),<br>Sedway (MS) |
| 10.05.2011 | Lied (MS),<br>Swainston (MS),<br>Bridger (MS) |
| 10.06.2011 | Lied (MS),<br>Harney (MS) |
| 10.07.2011 | Findlay (MS) |
| 10.10.2011 | Findlay (MS),<br>Cram (MS) |
| 10.11.2011 | Cram (MS),<br>Saville (MS) |
| 10.12.2011 | Cram (MS),<br>Saville (MS),<br>Canyon Springs (HS) |
| 10.13.2011 | Saville (MS),<br>Canyon Springs (HS) |
| 10.14.2011 | Canyon Springs (HS) |
| 10.17.2011 | Las Vegas (HS) |
| 10.18.2011 | Las Vegas (HS),<br>Silverado (HS),<br>Carl (ES) |
| 10.19.2011 | Las Vegas (HS),<br>Orr (MS),<br>Edwards (ES),<br>Carson (ES),<br>Long (ES),<br>Earl (ES) |
| 10.20.2011 | Mojave (HS) |
| 10.21.2011 | Mojave (HS) |
| 10.22.2011 | Mojave (HS) |
| 10.24.2011 | Coronado (HS) |
| 10.25.2011 | Coronado (HS) |
| 10.26.2011 | Advance Technologies Academy |
| 10.27.2011 | Rancho (HS) |
| 10.28.2011 | Rancho (HS) |
| 10.31.2011 | Shadow Ridge (HS) |
| 11.01.2011 | Shadow Ridge (HS) |

**ES** – Elementary School
**MS** – Middle School
**JHS** – Junior High School
**HS** – High School

Ronald Argento, et. al., v. Sylvania Lighting Services Corp.
Case No. 2:13-cv-00351-HRH
Index Employees Schools Timeline

| | |
|---|---|
| 11.02.2011 | J.D. Smith (MS) |
| 11.03.2011 | Cadwallader (MS) |
| 11.13.2011 | Treem (ES) |
| 11.14.2011 | Hyde Park (MS), Lunt (ES), Treem (ES) |
| 11.15.2011 | Guy (ES), Hyde Park (MS) |
| 11.16.2011 | Guy (ES), Cashman (MS), Gray (ES) |
| 11.17.2011 | Garside (MS), Cashman (MS), Gray (ES) |
| 11.18.2011 | Garside (MS) |
| 11.21.2011 | Bunker (ES), Gibson (MS), Berkeley (ES) |
| 11.22.2011 | Christensen (ES), Gibson (MS), Molasky (MS) |
| 11.23.2011 | Culley (ES), Molasky (MS) |
| 11.28.2011 | Bonanza (HS) |
| 11.29.2011 | Basic (HS), Bonanza (HS), Rosemary Clark (MS) |
| 11.30.2011 | Basic (HS) |
| 12.01.2011 | Basic (HS) |
| 12.02.2011 | Galloway (ES), Bob Miller (MS) |
| 12.05.2011 | Galloway (ES), Bob Miller (MS), Dooley (ES) |
| 12.06.2011 | Greenspun (MS) |
| 12.07.2011 | Jim Thorpe (ES), Greenspun (MS) |
| 12.08.2011 | Decker (ES), Lawrence (MS), Clifford |

**ES** – Elementary School
**MS** – Middle School
**JHS** – Junior High School
**HS** – High School

3

Ronald Argento, et. al., v. Sylvania Lighting Services Corp.
Case No. 2:13-cv-00351-HRH
Index Employees Schools Timeline

| | |
|---|---|
| 12.09.2011 | Kim Frank (ES), Lawrence Clifford (MS), |
| 12.12.2011 | Walter Johnson (JHS), Tom Williams (ES) |
| 12.13.2011 | Walter Johnson (JHS), Tom Williams (ES) |
| 12.14.2011 | Harvey Dondero (ES), Sawyer Grant (MS) |
| 12.15.2011 | Marion Earl (ES), Sawyer Grant (MS) |
| 12.16.2011 | Marc Kahre (ES), Ernest Becker (MS) |
| 12.17.2011 | Marc Kahre (ES), Ernest Becker (MS) |
| 12.19.2011 | Marc Kahre (ES), Helen M. Smith (ES), Sig Rogich (MS) |
| 12.20.2011 | John W. Bonner (ES), Sig Rogich (MS) |
| 12.21.2011 | E.W. Griffith (ES), Culley (ES) |
| 12.22.2011 | Piggott (ES), Silvestri (MS) |
| 12.23.2011 | Hancock (ES), Silvestri (MS) |
| 12.27.2011 | Vail Pittman (ES), Thurman White (MS) |
| 12.28.2011 | J.T. McWilliams (ES), Thurman White (MS) |
| 12.29.2011 | Fyfe (ES), Newton (ES), Thurman White (MS) |

**ES –** Elementary School
**MS –** Middle School
**JHS –** Junior High School
**HS –** High School

# Exhibit G

**Subject: Re: Sylvania case in Ariz.**
**From:** "Isaac P. Hernandez" <isaac@hdezlawfirm.com>
**Date:** February 6, 2015 at 4:08:49 PM MST
**Cc:** "William D. Schuller" <wschuller@klnevada.com>
**To:** "Alan J. Lefebvre" <alefebvre@klnevada.com>

Mr. Lefebvre:

I have yet to receive any response to my emails from December 15, 2014 and January 13, 2015.

Please be advised that I will be filing a motion to compel CCSD to produce documents in response to the Subpoena next week.

If you would like to discuss, please call me as soon as possible but no later than close of business on Monday, February 9, 2015.

Thank you.

Isaac Pasaret Hernandez, Esq.
**Hernandez Law Firm, PLC**
10640 N. 28th Drive, Ste. B202
Phoenix, AZ 85029
Tel: 602.753.2933
Fax: 855.592.5876 (toll free)
**www.hdezlawfirm.com**
**isaac@hdezlawfirm.com**

Licensed in Arizona and California

This transmission is intended by the sender and proper recipient to be confidential, intended only for the proper recipient and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient, you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient, please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.

# Exhibit H

**From:** Isaac P. Hernandez [mailto:isaac@hdezlawfirm.com]
**Sent:** Monday, February 09, 2015 11:15 AM
**To:** William D. Schuller
**Cc:** Alan J. Lefebvre
**Subject:** Sylvania Subpoena

Bill:

I forwarded relevant email exchanges under separate cover (four emails total). Attached hereto are copies of the subpoena and Court's ruling in response to Sylvania's motion to quash. Please confirm receipt.

Per our discussion, below is a non-exhaustive list of relevant documents we believe CCSD may be able to produce subject to the Subpoena.

1. The declaration from the CCSD employee that gathered documents CCSD has already produced in this case (it is my understanding that the documents produced in this case are the same documents CCSD had gathered for the matter before the Nevada Labor Commissioner)

2. Security Logs for the Sunset Yard (location were Sylvania's equipment and materials were being stored).

3. Logs generated from the use of alarm codes

4. CCSD Police Department Dispatch Records/Call logs

As mentioned in the call, my deadline to file discovery motions in this case is February 19, 2015, less than two weeks away.

Please confirm that if CCSD is allowed until February 19 to provide further responses to the Subpoena, CCSD agrees that Plaintiffs will have until Monday, March 2, to file a motion to compel.

Thank you again for the call. I look forward to working with you on this matter.

# Exhibit I

On Feb 27, 2015, at 4:15 PM, William D. Schuller <wschuller@klnevada.com> wrote:

As we discussed earlier during our call, I am still in the process of trying to determine the user number(s) assigned to Sylvania employees.  I was told that the number(s) were provided by John Hildebrand, a former CCSD night maintenance supervisor who has since passed away.  If, as I have been told is more probable, the employees were provided the same "universal" number which CCSD operations and/or maintenance utilized, then I will not be providing any records regarding logs generated from the use of alarm codes.  The order on the motion to quash subpoenas states that "[t]hese records may be relevant or lead to relevant information if the records maintained by the third-party employers of defendant either disclose the identity of persons arming or disarming the security system or disclose the identity of non-school employees who are admitted and also record the dates and times associated with alarm system and/or access activity."  The use of the same user number would preclude my client from identifying whether the individual using the number was a Sylvania employee or a CCSD employee.

I will follow up with my contact at CCSDPD regarding dispatch records/call logs.

**William D. Schuller, Esq.** Attorney At
Law <kolesarleathamlogo_rgb4619ee.jpeg>
Office: 702.362.7800 Cell: 973.477.7972
Web: www.klnevada.com
Bio: Attorney Bio  400 S. Rampart Blvd. | Suite 400 | Las Vegas | NV
89145
This communication (including any attachments) is not intended or written to be used, and it cannot be used, for the purpose of avoiding tax penalties that may be imposed on the taxpayer.
This transmission is intended only for the use of the addressee and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, any use of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately.