IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

RONALD ARGENTO, et al.,   )
                          )
            Plaintiffs,   )
                          )
    vs.                   )
                          )
SYLVANIA LIGHTING SERVICES CORP.,  )
                          )   No. 2:15-cv-01605-HRH
            Defendant.    )
_____)

O R D E R

Motion to Compel[1]

Plaintiffs move to compel the Clark County School District to produce additional documents in response to a subpoena. The motion is opposed by the school district[2] and by defendant.[3]

The subpoena in question originated in a related case, <u>Argento v. Sylvania Lighting Services Corp.</u>, No. 2:13-cv-00351. In the -351 <u>Argento</u> case, by order of August 26, 2014, the court addressed the production of the records which are the subject of the instant motion. In that order, the court observed:

---

[1]Docket No. 15. The motion to compel was originally filed in the District of Nevada where the subpoenaed records were to have been produced. Based upon Rule 45(f), Federal Rules of Civil Procedure, the Nevada court transferred plaintiff's motion to compel to this court, where a new file was opened under the above case number.

[2]Docket No. 19.

[3]Docket No. 24.

Order – Motion to Compel                                                                    - 1 -

> Plaintiffs seek alarm system reports and security logs through their subpoenas to third parties. There is apparently conflicting evidence as to whose employees were responsible for arming and disarming school alarm systems at the beginning and end of the work day. These records may be relevant or lead to relevant information if the records maintained by the third-party employers of defendant either disclose the identity of persons arming or disarming the security system or disclose the identity of non-school employees who are admitted <u>and</u> also record the dates and times associated with alarm system and/or access activity.[4]

In the -351 <u>Argento</u> case, the court took up a further motion to enforce the subpoena, which resulted in the court's order of April 8, 2015,[5] denying the motion because it had been brought in the wrong district.  However, anticipating what has in fact taken place, the court's April 8 order closed with the observation that "[p]laintiffs may move to reinstate the instant motion when and if the matter of enforcement of the plaintiffs' subpoena is transferred by the Nevada District Court to this court."[6]  The court now takes up plaintiffs' motion to compel for purposes of both this and the -0351 <u>Argento</u> case.

In responding to the motion to compel, defendant argues that plaintiffs' motion to compel is tardy.  While it is true that the motion to compel process was commenced by plaintiffs at the very end of the time specified for discovery motion practice, the initial motion was timely filed.  It is unfortunate that this court felt constrained to pass plaintiffs' motion to compel to the Nevada District Court, but that is what Rule 45(d)(2)(B)(i) requires – even though, as set out above, this court perceived that there was a high

---

[4]Order – Motion to Quash Subpoenas (Aug. 26, 2014) at 2, Docket No. 110 in <u>Argento v. Sylvania Lighting Services Corp.</u>, No. 2:13-cv-00351.

[5]Order – Motion to Enforce Subpoena (Apr. 8, 2015), Docket No. 179 in <u>Argento v. Sylvania Lighting Services Corp.</u>, No. 2:13-cv-00351

[6]<u>Id.</u>  at 2.

probability that plaintiffs' motion to compel would be transferred back to this court. In this instance, Rule 45(d)(2)(B)(i) was not very helpful.

The records that plaintiffs seek from the school district are sought in the hope that they will shed some light on hours worked by several of the plaintiffs during their employment with defendant on a contract between the defendant and the school district. The school district has produced voluminous records for the plaintiffs pursuant to the subpoena. There is no evidence before the court to suggest that the school district has in any fashion endeavored to avoid the production of records within its possession or control[7] that might reflect the identity of defendant employees who entered school district premises or the times of their departures from school district premises.

The specific records sought by plaintiffs are alarm code records and call log and dispatch records from the school district and its police department. Based upon the school district's response to plaintiffs' motion to compel, the court is convinced that the records plaintiffs seek do not exist in any reasonably recoverable form. Neither plaintiffs nor the school district have any record of the access codes assigned to particular employees who may have accessed school district premises. Without the access codes, it is not reasonably possible to identify whose employees armed or disarmed the school district's security system. If, as has been suggested, there was but one access code for a school, it would not be possible to identify who was entering or leaving school premises. The school district employee who assigned user numbers is deceased, and the school district's third-party vendor has been unable to provide user numbers assigned to Sylvania

---

[7]The court is persuaded that the Clark County School District police department is an entity controlled by the school district, and that the school district has appropriately responded to the instant motion for itself and its police department.

Order – Motion to Compel  - 3 -

workers. A search for these numbers has been undertaken by the school district without success.

There are similar difficulties with school district police department call logs and dispatch records. The police department's telephone recording program does not have the capability of responding to queries by telephone number. The school district police department recordings of calls to the dispatch center are not segregated by caller. As a practical matter, there is no reasonable means of identifying calls made by defendant employees when they departed school district premises.

The court concludes that the school district has no reasonably accessible records that would disclose the identity of persons arming or disarming school building security systems or differentiating between non-school district employees and school district employees. The court concludes that school district police department recordings cannot be searched reasonably to identify non-school district employees' calls to the dispatch center.

The motion to compel is denied. This case is closed.

DATED at Anchorage, Alaska, this  10th  day of September, 2015.

/s/ H. Russel Holland
United States District Judge